*A. W. Rucker*, for appellant.


# FRITZ *v*. FINERTY.

*(Supreme Court of Colorado, December Term, 1880—Appeal from the District Court of Arapahoe County.)*

CHARGE TO JURY—CONSTRUED AS A WHOLE. In construing a charge to the jury, each instruction is to be considered in connection with the entire charge, and if, considering the charge as a whole, the Supreme Court is satisfied the jury were not improperly advised as to any material point in the case, and that, reading each instruction in connection with the others, they were not misleading, the judgment will not be reversed on the ground of erroneous charge—although an isolated instruction, considered by itself, may appear defective.

STONE, J. The law governing agents and brokers applicable to the facts in this case was fully treated in the majority opinion of this Court, heretofore rendered in this case (5 Col., ——).* A re-discussion of the principles and doctrine there laid down becomes unnecessary here.

---

* 1 Colo. Law Reporter, 481.

The cause appears to have been tried by the Court below, fairly in accordance with the views expressed in the opinion referred to, resulting in a verdict for the plaintiff, the same as upon a former trial.

The sixth instruction given on behalf of the plaintiff is not full, but can be fairly regarded as cured by the twelfth, eighteenth and nineteenth instructions given on behalf of the defendants, as modified by the Court, and which, taken in connection, substantially announce the law applicable to the case.

In construing a charge to the jury, each instruction is to be considered in connection with the entire charge, and if, considering it as a whole, this Court is satisfied that the jury was not improperly advised as to any material point in the case, and that, reading each instruction in connection with the others, they were not misleading, the judgment should not be reversed on the ground of an erroneous charge. *Thatcher et al.* v. *Rockwell*, 4 Colo., 572; *N. G. Mining Co.* v. *R. M. Bank*, 2 Colo., 565.

The jury, having been correctly instructed upon the law, may have found as matters of fact, that no understanding existed, and no arrangement was made between the agent, Fritz, and the purchaser, Davies, respecting a joint interest in the bond, until after its execution and delivery by the Dillons; and that Finerty, subsequent to his contract with Davies, and with full knowledge of the agent's relations to Davies, and to the contract of sale, ratified the acts of the agent and promised to pay his commission.

The evidence touching the ratification by Finerty of the acts of Fritz is conflicting, but the jury are the judges of the credibility of witnesses, and since this is the second verdict in favor of the same party, we would not be warranted in disturbing such verdict on the ground merely of a conflict in the testimony.

*Judgment affirmed.*

*G. B. Read & Willard Teller*, for appellant.
*Wells, Smith & Macon*, for appellee.