## McQuown v. Cavanaugh.

1. EVIDENCE — WHEN TERMS OF ORIGINAL CONTRACT OF HIRING ADMISSIBLE IN SUIT BY AN EMPLOYEE AGAINST A SUCCESSOR IN BUSINESS.— Where a man in trade hired an assistant at a stipulated *per diem*, and afterwards, as agent of his wife, who succeeded to the property and business, continued to allow and pay him at the same rate for his services; but the wife, on assuming personal supervision, refused to allow and pay him at the same rate for the time then due, claiming that the contract made with the husband was not binding on her, it is proper for the plaintiff to prove the original contract of hiring.

2. INSTRUCTIONS — IN ORDER TO HAVE SAME REVIEWED THE ENTIRE CHARGE MUST BE EMBRACED WITHIN THE TRANSCRIPT.— In construing a charge to the jury the entire charge must be considered; and where appellant does not embrace within the transcript the entire charge given, the supreme court cannot determine whether or not the jury were misled by the charge to which exception is taken.

*Appeal from Arapahoe County Court.*

Mr. J. W. HORNER, for appellant.

Mr. J. W. MULLAHEY, for appellee.

Richmond, C.   In this action plaintiff below and appellee here sought to recover, for work and labor performed, a balance due, amounting to $95.37.   It appears from the record that the plaintiff was in the employ of George L. McQuown, and that McQuown had agreed to pay him the sum of $3.50 per day; that he worked for McQuown until September 21, 1884, when McQuown made an assignment, and the appellant, Lowena McQuown, wife of George L. McQuown, purchased at sheriff's sale the stock, and continued the business in her name, with George L. McQuown as her agent; that plaintiff continued to labor for Mrs. McQuown, charging the same price per day for such labor, which was paid.

Subsequently a receiver was appointed, and there was a balance due plaintiff, which the receiver was authorized to pay; that plaintiff charged in his bill for his labor $3.50 per day, and George L. McQuown approved and certified the account, which was paid; that thereafter Mrs. McQuown resumed business, and plaintiff continued in her employ for some length of time, claiming the same rate per day, but defendant only allowed $3 per day.

It is contended by appellant that the contract with George L. McQuown, of $3.50 per day, was not binding upon her, and that plaintiff's services were only reasonably worth the sum of $3 per day.

Several witnesses testify, in behalf of defendant, to the effect that the usual rate of wages for such labor is $3 per day.   The cause was tried to the jury, and verdict in favor of the plaintiff, assessing his damages at $95.37.

But two propositions are submitted or discussed by appellant.   First, that the court erred in permitting the plaintiff to testify to the contract with George L. McQuown made prior to the time that Mrs. McQuown succeeded to the business.   We do not think this position tenable, for the reason that it is admitted that George L. McQuown was acting as the agent of Mrs.

McQuown, and continued the employment of plaintiff, and continued to pay plaintiff the same rate per day he had previously contracted to pay; and at no time did McQuown, while so acting as agent, directly or indirectly intimate to plaintiff a change in the terms of the contract. On the contrary, his act as agent, in continuing payment under the contract, was the act of his principal, Mrs. McQuown; thus rendering the testimony relative to the original contract admissible to show the terms of his employment, after she succeeded to the business.

The second and last assignment of error is to the instruction of the court, and is as follows: "If you find from the evidence that payments were made to the plaintiff at the rate of $3.50 per day for work that he did for her after she took charge of the business, this will be testimony tending to establish an employment by her at the rate of $3.50 per day."

It appears from the record that the instructions of the court were six in number, but the remaining instructions are not embraced in the transcript or abstract of record. The ground of the objection is that, by the instruction above recited, the court singled out and gave undue prominence to certain facts, ignoring other facts proved, of equal importance. The rule of this court is that, in construing a charge to the jury, each instruction is to be considered in connection with the entire charge, and if, considering the charge as a whole, this court is satisfied the jury were not improperly advised as to any material point in the case, and that, reading each instruction in connection with the others, they were not misleading, the judgment will not be reversed on the ground of erroneous charge. *Finerty v. Fritz*, 6 Colo. 136.

This case has been followed by a number of others in this court, and it will be readily seen that, inasmuch as appellant did not embrace within the transcript or ab-

stract the entire instructions given by the court to the
jury, we are unable to construe the charge as a whole,
and determine whether or not the jury could have been
misled by the foregoing instruction, even were it objec-
tionable,— a matter we do not pass upon.

There being sufficient evidence to support the verdict,
the judgment should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM.   For the reasons stated in the foregoing
opinion the judgment is affirmed.

*Affirmed.*