Richmond, P. J.,
delivered the opinion of the court.
E. F. Arthur, appellant herein, was working the Hill Top Mine as lessee, and on February, 1890, he executed the following paper:
“ Denver, Colo., Feb. 24th, 1890.
“ Mr. J. L. Edmunds, Denver, Colo.
“Dear Sir: You are hereby appointed Superintendent of the Hill Top Mine, in full charge of the practical working thereof, getting out the ore, and hauling it to the cars at Fair-play, under the direction of the assignees of the lease. Your salary will be at the rate of two hundred dollars ($200) per month, commencing March 1st.
“ Yours truly,
“ E. F. Arthur, Lessee.”
By virtue of this appointment, Edmunds entered upon the duties as superintendent of the mine, and on May 24, 1890, executed a paper payable to H. E. Box, in words and figures following:
“ Hill Top Mine, May 24th, 1890.
“ Due to H. E. Box by the lessee of the Hill Top Mine, one hundred and five dollars ($105.00) for sinking the main shaft 4 X 8 in the clear and timbering the same complete, to the depth of 10 ft. at $10.50 per foot.
“ J. L. Edmunds, Sup’t.”
On the back of this was the following indorsement: “ Payable June 15, by lessee. J. L. Edmunds, H. E. Box.”
On the 24th of May, 1890, R. T. Gard, appellee herein, purchased for a valuable consideration this duebill, and instituted action to recover from Arthur.
By the abstract we are informed that the answer consisted of general and specific denials. A jury trial was had and resulted in a verdict for plaintiff upon which judgment *135 was entered, and to reverse which appellant prosecutes this appeal.
The principal contention of appellant is that Edmunds had no authority to execute this paper and consequently he is not liable. It is also insisted that the court erred in refusing instructions asked and in instructions given. The instruction complained of is designated as number five and set forth in the abstract. The other instructions are not embraced in the record. Under the ruling of the court we would not be-warranted in considering this assigned error.
In the case of Bradbury & Co. v. Butler & Son., 1 Colo. Court of Appeals, 430, it is laid down that where the instructions given by the court are not embraced in the transcript or printed abstract, no error can be assigned upon a single instruation. The language of the court in that case is: * * * “ It has been determined in construing a charge to a jury, the entire charge must be considered, and, where the appellant does not embrace within the transcript the entire charge given, the appellate court cannot determine whether or not the jury were misled by the charge to which exception was taken, and also that the appellate court would be unable to determine whether the court erred in refusing the instructions asked, because of its inability to ascertain whether the entire charge embraced the instruction asked. McQuown v. Cavanaugh, 14 Colo. 188; Klink et al. v. The People, 16 Colo. 467.”
This brings us to the consideration of the main point relied upon by the appellant. The record and the evidence show that Edmunds was appointed superintendent by Arthur; that he was authorized to employ men in and about the working of the mine. That it was his custom to give time checks and bills evidencing the indebtedness of the lessee, and that, with the exception of the one sued upon, there appears to have been no controversy during the time Edmunds, was acting as superintendent.
The superintendent having authority to employ men to prosecute work upon a mine, if no funds be furnished, the *136 principal is liable to the workmen. Breed v. First Natl. Bk. of Central City, 4 Colo. 482.
To establish an agency in the absence of better evidence, it is the common practice to resort to facts which tend to show recognition by the principal of the alleged agent’s authority. Of this nature are communications between the principal and agent in which the authority of the latter is expressly or impliedly admitted * * *. Union Min. Co. v. Rocky Mt. Natl. Bk., 2 Colo. 248.
Let us apply this last recited principle to the following letter:
“Denver, Colo., 5-9-90.
“ Mr. J. L. Edmunds, Fairrlay, Colo.
“ Dear Sir: I am just in receipt of a letter from Messrs. Bailey & Wilkin, advising that on the 13th of last month, Mr. M. McLaughlin, then hauling ore for you, was discharged by you, and that at that time, there was due him $251.76. Mr. McLaughlin has given them his claim for collection, and they state they hold bills formally approved by you, aggregating $261.76, for which they demand immediate payment. I have replied to them that on receipt of the approved bills I will forward check.
“ I wish you would have it distinctly understood with your teamsters or others doing work for you aside from labor, that no bills are payable before the 15th of the month following that in which the work is done; and if you know Messrs. Bailey & Wilkin (which I presume you do, from the fact that they drew up some contracts for you) I would suggest that you see them and quietly say to them that letters such as theirs of May 9th are in very poor taste until a demand has been made for payment in the regular way. We propose to pay all bills as fast as they become due; but do not propose to be bull-dosed by them or any one else.
“ Yours very truly,
“ E. F. Arthur.”
We are inclined to the opinion that the authority to execute the paper declared upon was conferred upon the super *137 intendent, and that he was acting clearly within his authority and keeping within the express letter of this instruction. It will be observed that the instrument is dated May 24th, payable June 15th. Also, that the superintendent had executed bills payable to M. McLaughlin, which Arthur fully recognized. But it is insisted that even if the authority did exist, the paper in question was without consideration. It occurs to us that the consideration is expressly embraced in each of the instruments, it sets forth what Box did, to-wit, sinking the shaft 4x8 and timbering the same complete, to the depth of 10 feet, for which he was to receive the sum of $ 10.50 per foot. To this the defendant replied, that the shaft was not sunk to the depth of 10 feet, and offered to prove that the depth did not exceed 2£ feet, which proof was rejected. Whether the rejection of this testimony was error or not we are unable to say, because we are not advised by the record what the nature of the defense was. If by this contention defendant sought to attack the paper on the ground of fraud on the part of the superintendent and Box, it was a matter of defense and should have been set up.
The judgment must be affirmed.

Affirmed.