Wilson, P. J.
' Appellee, who was plaintiff in the suit, and six others conveyed to the defendant their interest in certain unpatented placer mining claims. The consideration recited in the deed was $2,200.00, hut it is claimed that prior to and at the time of the execution and delivery of the deed, there was an oral agreement between the parties whereby the defendant should pay to the plaintiff and his co-owners the sum of $1,300.00 additional, if the defendant ever htilized the property for any purpose. It is admitted that prior to the commencement of this suit, defendant had utilized the property in the construction of a large reservoir. Plaintiff seeks to recover by this action his proportion, one-seventh, of the additional payment which he claims was to have been made on the happening of such contingency.
It is conceded that under certain circumstances and for certain purposes the recital of the consideration in a deed may be explained and even contradicted by parol testimony. The rule is, as almost universally recognized and established, that the admissibility of parol evidence in such cases depends upon the object and purpose for which it is offered and used. If it is sought thereby to impeach the validity of the deed or to impair its operation ás a conveyance, it cannot be received. If the effort is solely to affect the consideration expressed by explaining or contradicting it (where the recital does not contain matters of contract, nor language plainly showing that it was intended therein to conclusively state the full consideration) it is admissible. — Brown v. The State, 5 Colo. 506; Fechheimer v. Trounstine, 15 Colo. 388; Jackson v. Railway Co., 54 Mo. App. 641; *176 Pickett v. Green et al., 120 Ind. 588; 3 Washburn, Real Property., pages 376-377; 2 Phillips on Evidence, page 548.
In Washburn, supra, it was said: “It is competent to prove by parol what the real consideration agreed to be paid was, and to show that the same, or some part of it, remains unpaid, though not thereby to impeach the title conveyed by the deed. * * * The true doctrine is stated in Grout v. Townsend, 2 Hill, 554, that where a deed acknowledges the receipt of a consideration, the grantor and all claiming under him are estopped from denying that one was paid. They may disprove the payment for the purpose of recovering the consideration money; but they cannot do so for the purpose of destroying the effect and operation of the deed. The design of the clause acknowledging payment of consideration is not to fix the precise amount paid, but to prevent a resulting trust in the grantee.” In 2 Wharton, Evidence, section 1040, it is said: ‘ ‘ Where the recital involves a contract, it estops; if it does not involve a. contract, it operates only as a unilateral general admission, and is open to explanation.”
In 2 Phillips, supra, it is said: “It is not any contradiction to the instrument to prove a larger consideration than that which is stated. ’ ’ The acknowledgment in a deed of the receipt of the whole consideration will not prevent the vendor from recovering the whole or any part of the unpaid price, and he may maintain his case by parol evidence. — Wilkinson v. Scott, 17 Mass. 249.
The grantor in a deed or written instrument may prove and recover upon an oral agreement to pay an additional consideration upon the happening of a certain contingency. — Clark v. Deshon, 12 Cush. 589; Nickerson v. Saunders, 36 Me. 413; Thomas v. Barker, 37 Ala. 392.
*177 In the first cited case, the consideration named in the conveyance was $4,500.00. The plaintiff was permitted to show, that prior to its execution there was an oral agreement between the parties to the effect that upon the sale of the vessel which was the subject of the assignment or conveyance, at the end of six months, the defendant would pay to him the proceeds above $4,500.00, and a commission of ten per cent., or would reconvey the brig upon payment of $4,500.00 and such commission. The judgment was in favor of plaintiff. In the Maine case, the contingency was that in the event a road which passed through the land conveyed at the time of the conveyance should be altered or discontinued, and damages be allowed therefor, the plaintiff grantor should have the same as a part of the consideration of the sale. Irrespective of these authorities, if a vendor is entitled to prove and recover upon an oral agreement a consideration additional to that expressed in the deed, we cannot see why upon principle or reason he should not have the right to do the same thing, even though the additional consideration rest upon the happening of a contingency, it being such as not to defeat or impair the operation of the conveyance. In either ease the underlying principle is the same, viz., the right by parol testimony to explain, vary or contradict the recital of the consideration expressed in the deed, the recital being merely in the nature of a receipt for some consideration so as to support the conveyance and prevent a resulting trust in the grantee. The Colorado authorities cited by counsel are not in conflict with these views, nor with this conclusion. In Brown v. The State, supra, a forfeiture was involved — one which defeated the entire conveyance. In Drake v. Root, 2 Colo. 685, and also in Omaha S. & R. Co. v. Tabor, 13 Colo. 50, it was sought to prove a contemporaneous parol agreement where *178 by the grantor, despite the conveyance, was to retain possession of the premises in whole or in part, for a specified length of time. This wonld have impaired and defeated the operation of the deed, because by statute it was and is expressly provided that the execution and delivery of a deed shall carry with it the right to immediate possession by the grantee. — Gren. Stats., sec. 206; Mills’ Ann. Stats., sec. 435.
It is a matter of common knowledge that the recitals of consideration in conveyances cannot be relied upon as true. Very generally, if not in the majority of instances, the recital is of a greater or less amount, where the consideration is money, than the true consideration. It would in many cases work great hardship, this being the practice, both to vendors and vendees, if the recital was in all cases conclusive. And if the grantee may be permitted in a suit for the purchase money to prove by parol testimony that the consideration was less than that expressed in the deed, why should not the grantor be allowed to show by the same character of evidence that it was greater ?
It is contended, however, by defendant, that conceding the rule as announced to be the true one, it does not embrace this transaction, because all of the instruments in writing executed contemporaneously with the deed and referring to this sale, should be considered and treated in legal effect, as one, and when so considered, it conclusively appears that the deed was intended to and did recite the full consideration to be paid. These additional instruments were an affidavit by the grantors that they were the original locators of the placer mining claims; that they were citizens of the United States; that the assessment work had been done regularly upon each of the claims since their location, and that upon each of them a sufficient amount of work had been done to entitle *179 them to be patented. Also, an agreement that they would assist the defendant or bis assigns in bis application for patent, and would in such case make affidavit as to the five hundred dollars’ worth of work done and necessary to secure patent, and would testify as to the annual assessment work; and also a statement of account showing the several amounts due to the several grantors in accordance with the consideration expressed in the deed, signed by the auditor and manager of Tbe Mountain Water Works Construction Company, through whom the money was paid, and on the back of it a receipt for the several amounts, signed by the several grantors. Counsel earnestly urge that this latter statement constitutes what they call a “voucher,” and that its recitals are not subject to impeachment by parol testimony, as would be those of a receipt. We do not feel it necessary to enter into any discussion as to- what the instrument should be technically called, or what it constitutes. Let it be called whatever it may, there is nothing in its contents, any more than in the deed, showing that it recited the entire consideration for the conveyance. There is nothing in it which is inconsistent with the theory of plaintiff that an additional consideration was to be paid upon the happening of a certain contingency. It recited truly that the amount stated was “in full for balance due on placer claims, as per deed received this day.” That this was all that was due upon the execution and delivery of the deed is not disputed. It does not, however, necessarily exclude, and is not inconsistent with the idea, that a further sum might thereafter upon the happening of a contingency, become due. A party is not estopped to explain by parol testimony a receipt, even where the recital is in full of all claims. —Bettman v. Shadle, 22 Ind. App. 543; Allen v. Tacoma Mill Co., 18 Wash. 218. We see no greater rea *180 son why the plaintiff should be .estopped in this case to explain the recital in this so-called voucher, if, indeed, any explanation was needed.
It is claimed, however, that the parol testimony offered was inadmissible, because the contingency on the happening of which plaintiff alleged that he was entitled to an additional payment, was one which tended to defeat the operation and effect of the conveyance. It is urged that by the execution and delivery of the deed the defendant became entitled to the immediate possession of the property, and had the consequent right to subject it to any use he saw fit. Admitting this to be true, we cannot see how it can avail the defendant. The plaintiff has not sought, nor does he seek, to deprive him of the use or possession of the property, but simply claims that he was to be paid an additional sum if in the future the defendant found that he could utilize and did utilize the property.
It is insisted that under the evidence if there was any agreement at all with reference to the payment of a consideration additional to that expressed in the deed, it must have been entered into by the defendant through an agent, his attorney, who, acting for him, prepared the deed and other accompanying papers, and that there is no proof whatever of the existence of this agency. It is elementary that an agency may be established not only by proof of an express authorization or appointment, but also by evidence of facts and circumstances from which the existence of the agency may be conclusively presumed. .In this case plaintiff was unable to show express authority from the defendant to his attorney to act as his agent in the matter in question, and was forced to rely upon facts and circumstances to establish it. Some of these were disputed; others were not denied. There was a direct and positive conflict between the testi *181 mony of Mr. Barnes and Mr. Nicholl on the one part, and the defendant on the other, as to certain facts having a material bearing, with others, upon the question. These were concerning conversations between these parties and the defendant subsequent to the execution of the deed. These conversations were not applicable, as claimed, alone where ratification was in issue, but were clearly admissible to show in connection with other facts an express appointment of the agent, or facts from which such appointment should be presumed. Being thus presented therefore, the question of the existence of the agency was not one of law, but one of fact to be submitted to the jury. It having been so submitted upon conflicting evidence and under proper instructions, this court is under the well-settled rule concluded by the verdict. It was not so manifestly against the weight of the evidence, if at all, as to justify the interference of the appellate court. Lester v. Snyder, 12 Colo. App. 352, is not in point, and does not tend to support the position of defendant. There the sole question was whether an agency could be presumed from certain admitted and undisputed facts. This was manifestly purely a question of law. There was no dispute as to any facts for a jury to pass upon. As we have stated, a different ease is presented here.
Certain assignments of error are predicated upon some of the instructions to the jury. Instruction number two was in substance to the effect that if the jury found from a preponderance of the evidence that the agreement in question for the payment of an additional consideration had been entered into as alleged by plaintiff, and that the contingency upon which it was to become due had happened, then the verdict should be for tile plaintiff. Instruction number three was with reference to the agency and the character and quantum of proof by which it must be *182 shown. Number four was recitative, and was to the effect that in this action the substantial part of the plaintiff’s complaint was that at the time of the exeeuion of the deed and certain other instruments relative to the conveyance by plaintiff and others to the defendant of certain placer mining claims, it was agreed that an additional consideration should be paid, etc., as alleged by plaintiff, and that the making of such agreement was denied by defendant. Number five was to the effect that the several written instruments executed and delivered at the time of the sale were presumed to contain all the agreements of the parties, and that to add the additional agreement claimed, it was necessary that the testimony should be so clear as to satisfy the jury that the agreement was made as claimed by the plaintiff. To this instruction defendant requested the addition of the words, “beyond a reasonable doubt,” which request was denied. None of the instructions are inconsistent or conflicting. Number two was not erroneous, because it did not state the entire transaction, and made no reference to the deed and other instruments. When taken as a whole, the instructions fairly presented to the jury the entire transaction. In such case, there being nothing to indicate in the slightest degree that the jury might have been misled, it is sufficient, and the objections to the charge cannot be sustained. — Mining Co. v. National Bank, 2 Colo. 565; Hindry v. McPhee, 11 Colo. App. 398; Simonton v. Rohm, 14 Colo. 51.
We know of no rule or authority why it should be reversible error, if error at all, for the court to have refused the addition to the fifth instruction of the words, “Beyond a reasonable doubt.” The jury were instructed that the burden of proof was upon the plaintiff,.and that before they would be authorized to find for him they must find that he had proved *183 the material facts in question by a preponderance of the evidence, and that this must be so clear as to satisfy them that the agreement in question had been made as claimed by plaintiff. We think this entirely sufficient. The authorities concur that the recital of. the consideration in a deed is only prima facie proof against the party making it, liable to be explained, varied, or contradicted by parol evidence, and that it stands upon the same basis in this respect as an ordinary receipt for money. If this be true, we know of no reason for requiring a greater quantum of proof in the one case than in the other. It concerns only the payment of a money consideration, and neither affects nor impairs the validity of the conveyance of realty.
The facts were passed upon by the jury, and found in favor of the plaintiff. Being unable to discover any errors of law, the judgment must be affirmed. • Affirmed.