[No. 5364.]

[No. 3031 C. A.]

THE SILVER MOUNTAIN MINE COMPANY v. ANDERSON.

1. Evidence—Weight—Sufficiency.

In an action against a mining company for merchandise and work and labor, it was shown that, during the time the goods were delivered and the work done, the mine was leased to a third party, and that such fact was known to plaintiff; and there was no evidence that the merchandise was sold to the corporation or ordered by any one authorized by it, or that the labor was performed on the order of any one authorized to act for the corporation, or that the goods were sold and delivered and the labor performed under such circumstances as to render the defendant liable therefor.  Held, that the evidence was insufficient to sustain a verdict against the company for such claims.—P. 124.

2. Appellate Practice—Briefs and Abstracts—Examination of Transcript.

The rules of the supreme court with respect to the preparation of abstracts and the filing of briefs are to enable litigants to present a case so that the court may understand the questions involved; and, if either party fails to comply with these rules, the duty does not devolve upon the court to examine the transcript or search for authorities to sustain the case of the party in default.—P. 125.

*Appeal from the County Court of Clear Creek County.*

*Hon. Henry J. Crist, Judge.*

Action by Axel F. Anderson against The Silver·

Mountain Mine Company, a corporation. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Mr. E. M. Sabin, for appellant.

Mr. John J. White, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

Appellee brought suit against appellant to recover upon several causes of action, the first of which was for goods, wares and merchandise alleged to have been sold and delivered to it by him at its request. The other causes of action were for accounts assigned to the plaintiff, some of which were also for merchandise alleged to have been sold and delivered to the defendant, and others for work and labor performed for it, at its request. The defendant filed an answer, denying the allegations of the complaint, and in a separate defense, pleaded that one Foster had a lease and option on the property of the defendant during the time the indebtedness sued upon was incurred; that this fact was known to the plaintiff, and his assignors, and that the merchandise was furnished and the work and labor performed for the lessee, and not for the defendant. To this defense a replication was filed by plaintiff. The case was supplemented by an attachment, the affidavit of which was traversed. The issues thus made were submitted to a jury, which returned a verdict finding for the plaintiff on both branches of the case. Judgment was rendered accordingly, and the defendant appeals.

Many errors are assigned, but we shall only consider the one challenging the sufficiency of the testimony to sustain the verdict of the jury on the question of indebtedness sued upon. It appears from

the record as abstracted, without dispute, that during the period this indebtedness was incurred the property was being operated under lease from the defendant to Foster. According to the abstract, there is no testimony whatever to show that the merchandise sued for was sold to the defendant, or ordered by any one authorized to bind it, or that it was sold and delivered under circumstances which would make the company responsible therefor. It does not appear that those who worked upon the mine, and whose accounts for such work were assigned to plaintiff, were employed by the company, or by any one authorized to employ persons for it, or that they were employed under such circumstances as would render the company liable for the value of their services. This is not a case where there is a mere conflict in the testimony, tending to prove the liability of the defendant, but where there is none to establish such liability. A jury cannot resort to mere conjecture in determining issues submitted for their consideration. There must be some substantial testimony to support the issues determined by a verdict, or it cannot be sustained.

It may be that plaintiff has a meritorious case against the defendant, but neither he nor his assignors have seen fit, through counsel, to follow the case here, and, by argument and brief, point out anything in answer to the brief of counsel for defendant based on the abstract upon which the verdict and judgment can be sustained. The rules of court with respect to the preparation of abstracts and the filing of briefs are to enable litigants to present a case in such manner that the court may understand the questions involved. If either party fails to comply with these rules, the duty does not devolve upon the court to examine the transcript or search for authorities to sustain the case of the party in default.

It is doubtful, even if the testimony were different from what it is, if the judgment could be sustained, because of erroneous instructions to the jury upon both branches of the case. We mention this without passing upon such instructions, so that, in the event of another trial, counsel may exercise care in having the case submitted under appropriate instructions.

The judgment of the county court is reversed and the cause remanded for a new trial.

· *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.