[No. 6584.]

## SILVER MOUNTAIN MINE COMPANY v. ANDERSON.

1. APPEARANCE—An action in the county court was dismissed for non-appearance of the plaintiff. Plaintiff perfected an appeal to the district court. In that court the defendant, not limiting his appearance, interposed a motion to dismiss the appeal on the ground that the judgment of dismissal was merely interlocutory, and in effect a voluntary non-suit, so that no appeal lay and the district court was without jurisdiction.

*Held*, a general appearance—(301).

3. APPEALS—*What May Be Assigned for Error—Errors Waived*—The defendant, having, after the denial of his motion to dismiss an appeal, by which the cause had been brought from the county court to the district court, participated in the trial of the cause, *held*, that he was not in position to assign for error the denial of his motion to dismiss in the district court; that the error if any in the denial of his motion was waived—(301).

3. PRINCIPAL AND AGENT—*Proof of Agency* may be circumstantial, *e. g.*, the recognition of the agency by the principal—(305).

4. ——*Liability of Principal*—The principal is bound by the acts of the agent within his apparent authority, unless, the agency being limited, this is brought to the knowledge of those dealing with him. The evidence examined and *held* sufficient to support the judgment—(305).

*Appeal from Clear Creek District Court*—Hon. FLOR ASHBAUGH, Judge.

Mr. E. M. SABIN for appellant.

Mr. JOHN J. WHITE for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

Appellee brought suit in the County Court of Clear Creek County against appellant to recover upon several causes of action; the first of which was for goods, wares and merchandise alleged to have been sold and delivered to it by him at its request. The others were for accounts assigned to him, some of which were for merchandise alleged to have been sold and delivered to the defendant, and others for work and labor performed for it, at its request. The defendant denied the allegations of the complaint. A trial to a jury resulted in a verdict and judgment for the plaintiff; the defendant appealed to the Court of Appeals, which action was later transferred to this court and the judgment reversed and the cause remanded for a new trial (41 Colo. 123).

Thereafter, on November 23, 1907, by stipulation of the attorneys in open court, the cause was set for trial December the 14th. On December the 2nd by stipulation of counsel, that order was vacated. On the 27th of the following January, by stipulation of counsel in writing, the cause was again set for trial for February 5th following, on which date the defendant, by its counsel, in open court, obtained leave to file a written traverse to plaintiff's amended affidavit in attachment. The record shows that counsel for the plaintiff appeared specially for the sole purpose of resisting this application. The record then reads:

"And, now, again, on this 5th day of February, A. D. 1908, this matter coming on for trial according to previous assignment, whereupon comes said defendant, by its attorney, E. M. Sabin, Esq., the plaintiff not appearing either in person or by his attorney, whereupon, on motion of said defendant—

It is ordered by the court that this cause be and the same is hereby dismissed at the costs of the said plaintiff to be taxed.

And the attachment herein released and let execution issue."

Following this, on the same date, the record reads:

"And now again on this 5th day of February, A. D. 1908, come the said parties by their respective attorneys—And thereupon this cause coming on to be heard upon the motion of said plaintiff to set aside the judgment herein and for a new trial of this cause is argued by counsel, and the court being now sufficiently advised in the premises doth deny said motion."

On the same date the plaintiff prayed, and was granted an appeal to the district court; bond was fixed, furnished, etc. The defendant filed the following motion in the district court:

"Comes now the defendant herein, by E. M. Sabin, Esq., its attorney, and moves the court that the above entitled cause be dismissed for the following reasons, to-wit:

1. That the court has no jurisdiction of either the parties or the subject-matter.

2. That the plaintiff had no right, power or authority to take an appeal from the county court of Clear Creek County to this court."

This motion was denied; the cause was tried to a jury, upon the pleadings as filed in the county court. The defendant, by its counsel, participated in the cross-examination of witnesses, the offering of instructions to the jury, the arguments, and had admitted in evidence certain exhibits offered and received in connection with his cross-examination of the plaintiff's witnesses, although the defendant did not offer any direct evidence upon its own behalf. The judgment was in favor of the plaintiff; the defendant appeals.

But two assignments of error are urged. The first is, that the district court should have granted the motion to dismiss the appeal and was without jurisdiction to proceed to a trial of the cause. The appellant's contention is that no final judgment was entered in the county court and the district court acquired no jurisdiction to hear or try the case. It is urged, that the order of the county judge was interlocutory, from which no appeal would lie; that plaintiff had the right to bring another suit; that the order of dismissal in the county court was not a judgment upon the merits; that the dismissal amounts to a voluntary non-suit, from which no appeal will lie. The appellant is not in a position to urge this contention, and it is unnecessary to pass upon it. Its appearance by its motion to dismiss the appeal in the district court was not limited to that purpose, it was in the nature of a general appearance; when that motion was overruled, it continued such appearance, and, by its counsel, tried the case upon its merits, cross-examined witnesses, introduced documentary evidence, offered instructions, filed a motion for a new trial, and in all respects submitted to the jurisdiction of the court, without in any way reserving any rights by special appearance. The district court is a court of general jurisdiction, and if the appellant is correct in its contention, having failed to rely on its rights, it is precluded from contesting the jurisdiction of the district court; having once submitted itself to its jurisdiction, it cannot again challenge it at pleasure. To permit it to contend, first, that the court had no jurisdiction and thereafter to give the court jurisdiction by proceeding with the trial of the cause, and then when the judgment is ascertained to be adverse to its contention, to premit it to again raise the question of jurisdiction, would be trifling with the court. The district court has jurisdiction of appeals from the county court and of the parties in such actions generally. It

is not claimed that the county court did not have juris-
diction of the parties to the action, nor of the subject
of the controversy. Eliminating the question of the reg-
ularity of the appeal, the defendant, by its actions,
elected to proceed with the trial of the cause and did
so. having done so it cannot now be heard to complain
and be allowed the privilege, after ascertaining the re-
sult, to elect to have the benefit of the two positions
which are inconsistent with each other.—*Smith et al. v.
District Court, etc.*, 4 Colo. 235; *C. C. R. Co. v. Cald-
well*, 11 Colo. 545; *Schoolfield v. Brunton et al.*, 20
Colo. 139; *Cunningham v. Bostwick*, 7 Colo. App. 169;
*Fairbanks, Morse & Co. v. Macleod et al.*, 8 Colo. App.
190.

The second contention pertains to the sufficiency
of the evidence. It was agreed during the trial, that
the record might show that if the defendant company
was liable at all it was liable for the amount sued for in
the complaint. The following statement was made at
the time, by its counsel, "in other words, the defendant
company does not dispute the amount sued for, but does
dispute its liability, and admits that the defendant has
not paid the accounts." The appellant contends that
the question of agency was an important one, and, be-
fore the plaintiff could recover, it was necessary to
establish the agency of one F. G. Bishop, who it is
claimed hired the men and purchased the supplies on
behalf of the company. We think this position the cor-
rect test of the rights of the plaintiff to recover, but we
cannot agree with counsel that the evidence was not
sufficient to establish his fact. The defendant alleged,
in substance, that the work was for one Foster, instead
of for the defendant company under a lease to Foster.
Outside of this allegation in the answer, the record fails
to disclose any evidence of Mr. Foster ever being upon
this ground, or hiring any one, or having any one repre-
sent him. It fails to disclose any competent evidence of

a lease to him and is silent as to Foster, except where his name appears in the questions and answers of the appellee's witnesses as to their knowledge of the existence of any such a lease, which they denied. The record discloses, that the man Bishop was the superintendent and manager of the appellant during a long period, and up to the time when the debts sued for in this action were made, at which time no other person, other than Bishop, was looking after the defendant's interest; that for a long period preceding this, Bishop did all the ordering of the supplies and hired all the labor, including the foreman; that after the departure of a Miss Stewart (who it appears was the secretary of the company) no other person on the ground represented the company.

Mr. Milne testified, that he furnished sundry timbers for the mines in question, which were ordered by Mr. Bishop; that he charged them to the appellant and that said company paid him for same; that after this he sold the company powder and candle, which were ordered by Bishop, charged to the company, paid for by it; that he was a resident of Empire, near where this mine is situate, and during all this period he had business with it he never knew of any one else having anything to do with it, or with its management except Bishop, and that there was nobody on the ground except Bishop, looking after the interest of the company. It was shown and admitted that the goods involved in this action and services rendered were delivered to this mine and performed on its property during the months of March and April, 1903; that the goods delivered were charged to the appellant company; that previous to this time the mine had been closed down for a year or two but started up again early in 1903, and that Mr. Bishop was then there a part of the time.

Mr. Cain testified, that he was a mine foreman and worked in this mine from January to April, 1903; that he was employed by Bishop; that he was appointed

foreman by Bishop the latter part of February; that Mr. Bishop was his superior and he had to go to him for all orders; that he and Mr. Bishop had an understanding in reference to hiring men; that all men had to be agreeable to Mr. Bishop; that the men, whose names were mentioned in the complaint as assignors of the claims for labor, worked on the mine when he was foreman and that all but one were hired by him, this one had been hired by Mr. Bishop; that a Mr. Metcalf had been working there under a lease known as the Metcalf lease and worked a block of ground known as the second level; that he never saw a Mr. Foster around, did not remember of ever seeing his lease, and never was requested by Mr. Foster to state anything about the mine to the men and that he did not do so; that he never was instructed to put up any notice and never was instructed to notify the men of any change; that he never heard of Mr. Foster until a few days before the men quit.

A Mr. McDonough testified, that he had worked in this mine in 1900 and 1901; that during that time all orders were given by Mr. Bishop; that in January, 1903, he met a Mr. Weir in Boston (he was the president of the company) ; that Mr. Weir told him that he was going to work the Silver Mountain Mine and that Mr. Bishop was to be manager; that he, McDonough, returned to the mine the 17th of January and remained until the 20th of April, was employed by Mr. Bishop in the mine; that there was no change in any way in the mine indicating any different management from the time he went away until his return.

A Mr. Williams testified that a shipment of ore had been made from the mine on the 21st of April, 1903, and that a check had been made out on that date for it to the Silver Mountain Mine Company.

Mr. Milne further testified, that he had a conversation with Miss Stewart in 1898 (she was then the sec-

retary of the company) ; that she told him that Bishop had authority to order supplies; that he should go to him and not come to her for orders; that after that he went to Mr. Bishop for orders.

At the commencement of the trial Mr. Bishop was called by the plaintiff for cross-examination, under the statute.    This right was denied the plaintiff until his agency had first been established.    When called later, he testified that he did not know whether or not he was agent for the company up to May, 1903, but that he might have been for some special purpose,   did   not remember.

From the record as a whole, there is a strong and unbroken line of evidence that Mr. Bishop conducted himself and acted as superintendent, manager and agent of this company from the year, 1898, down to and during the months of January, February, March, April and May of 1903, in which latter period the claims of the appellee accrued and that his actions were such that they, of necessity, had to be authorized or were known, ratified and approved by the defendant company, which received and accepted the benefits thereof.

It is a common practice to resort to facts which tend to show recognition by the principal of the alleged agent's authority.—*Higgins v. Armstrong*, 9 Colo. 38; *Un. G. M. Co. v. Rocky Mt. Nat. Bk.*, 2 Colo. 565; *Arthur v. Gard*, 3 Colo. App. 133.

The principal is bound by the acts of his agent, to the extent of his apparent authority, unless the real extent of his power be brought to the knowledge of the other party.—*State Insurance Co. v. Du Bois*, 7 Colo. App. 214.

Agency may be established by evidence of facts and circumstances from which the existence of the agency may be conclusively proved.—*Cheesman v. Nicholl*, 18 Colo. App. 174.

Applying these tests to the case at bar with no evidence to the contrary, there is sufficient to justify the verdict of the jury. We find no prejudicial error in this respect. The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.