[No. 3827.]

## JEWEL v. SAIS.

1. BILL OF EXCEPTIONS—*Failure of Party to Comply With the Orders of the Court.* Where the defeated party fails to comply with the orders of the court as to the presentation of his bill of exceptions the court of review will not require the judge of the trial court to authenticate such bill of exceptions.

2. APPEALS—*Transcript of Record—Instructions.* Where com-

plaint is made of the denial of instructions all those given must appear in the transcript.

3. —— *Defective Transcript—Affirmation of Judgment.* No question being presented which could be considered by the court, the judgment of the trial court was affirmed.

*Appeal from Morgan District Court.* HON. H. P BURKE, Judge.

Mr. JAMES E. JEWEL, *Pro se.*

Mr. JOHN H. REDDIN, Messrs. MARRON & WOOD, for appellee.

On motion to dismiss appeal.

*Per Curiam.*

Upon a former hearing, and upon motion of appellee, defendant's bill of exceptions was stricken from the files.—*Jewel v. Sais,* 123 Pac., 830. Supplementary proceedings were had in the trial court from which it is made to appear that no bill of exceptions had been settled by the judge of said court, nor presented to him to be settled or signed, and that said court now declines to grant appellant's motion to sign and seal the same.

Appellant, having failed to comply with the rule and order of the court in the matter of presenting and filing his bill of exceptions, his motion for an order of this court commanding the trial judge to sign and seal his alleged bill of exceptions, must be denied.

Appellee renews his motion for an affirmance of the judgment. The assignments of errors on the appeal herein raise no objections that can be considered in the absence of a bill of exceptions, unless it be the errors assigned to the action of the court in

giving instructions to the jury, and in refusing instructions offered by the defendant. Only the instructions offered and refused are preserved in the record as certified to this court. The instructions given are not before us. It is settled law in this jurisdiction that where exception is taken to a refusal to give certain instructions, all instructions actually given must be included in the transcript for review, or the errors assigned cannot be considered. *Tucker v. Parks,* 7 Colo., 62. *McQuown v. Cavanaugh,* 14 Colo., 188. *Bradbury et al v. Butler et al.,* 1 Colo. App., 430, 435.

For the reasons given the judgment appealed from is affirmed.

Decided May 13, A. D. 1912. Rehearing denied October 14, A. D. 1912.