[No. 7935.]

BONANZA MILLING COMPANY V. BORREGO ET AL.

1. PRINCIPAL AND AGENT—*General or Special Agency.* The superintendent of the mill of a corporation who is, by his superior officers, placed in charge of the work of installing·certain machinery therein, is the agent of the corporation, and his agency extends to the employment of others to haul machinery and supplies from a neighboring railway station to the mill. Those

who deal with him in ·ignorance of any special instructions ·from his superiors are not affected by such instructions. (367.)

2. APPEALS AND ERROR—*Finding Upon Conflicting Evidence,* not reviewed. (368.)

*Error to Saguache County Court.* Hon. M. N. JORDAN, Judge.

Mr. RALPH HARTZELL, for plaintiff in error.

Mr. ALBERT L. MOSES, for defendants in error.

HILL, J., delivered the opinion of the court.

The complaint contains two counts. The first, is upon contract, and is for the hauling of certain machinery, boilers, etc., and the performance of other labor in connection therewith, by the plaintiffs (the defendants in error here), for the defendant corporation (the plaintiff in error here), at certain agreed prices, in the total sum of $710. The second, is upon *quantum meruit,* and is for the same services which it is alleged were reasonably worth $710.

The defendant company denied all the allegations of the complaint herein referred to, except the performance of the services, and for a further answer alleged that it hired the plaintiffs to do certain hauling, describing it, which discloses that it was the same hauling named in the complaint, but alleges that it was at the agreed price of $232.12, which it made tender of, and offered to allow judgment to be taken for this amount. By replication the plaintiffs put in issue the allegations of the further answer, except as to the services rendered. Trial was to the court. The finding sustained the plaintiffs' second count and fixed the value of the services at $538, for which judgment was entered.

The defendant contends that the evidence is insufficient to support the judgment rendered. It stands admitted that the plaintiffs were given this work by the superintendent of the mill of the defendant company; that the work consisted of hauling a boiler and other machinery, etc., from

the railroad to this mill, which boiler and machinery was to be installed therein, or used in connection therewith, and also in assisting in placing it and hauling certain old machinery from the mill to the railroad station. It is urged that because the uncontradicted testimony discloses that the superintendent was instructed by the president and general manager of the company to employ the plaintiffs to do this hauling, provided they would do it for certain amounts per ton, that this makes the superintendent a special agent for the company for this purpose, for which reason his powers were limited to make a contract upon the terms stated, and that any contract made by him in excess of this authority would not be binding upon the company beyond this price. Counsel admits that he was the superintendent of the mill, also that he was the man in charge of the work, by authority from his superiors in having this machinery installed. It is also admitted that he was authorized to have this hauling done, which was in connection, and for the use of the mill, of which he was superintendent. Without knowledge to the contrary it could scarcely be urged that a superintendent in charge of the construction, operation and repair of a mill, and having authority for that purpose, is not the agent of the company in such matters, and that such agency, without special instructions, would include the authority to employ men to haul the machinery and supplies from the railroad to the place where they are to be installed. Besides, there is testimony that the president and general manager who gave the superintendent these instructions was not at the mill, or in its vicinity, at the time this work was contracted for; but the superintendent was; also, that prior to that time the president had introduced some of the plaintiffs to this superintendent as the superintendent of the mill. There is also testimony that two of the plaintiffs had theretofore done hauling by contract for the company, upon the basis of so much per trip, as they claim they contracted with the company for this hauling, and did not do it at so much per ton,

the way the company claims the superintendent was instructed to let it this time. Under such circumstances, we cannot agree that for doing this work, regardless of their contract with the superintendent, if any, or otherwise, the plaintiffs can only recover the price at which the superintendent was instructed by the president and general manager to let it, unless the plaintiffs had knowledge of these instructions. *Saxonia M. & R. Co. v. Cook*, 7 Colo. 569, 4 Pac. 1111; *Higgins v. Armstrong*, 9 Colo. 38, 10 Pac. 232; *State Insurance Co. v. Du Bois*, 7 Colo. App. 214, 44 Pac. 756; *Cheesman v. Nicholl*, 18 Colo. App. 174, 70 Pac. 797; *Silver M. Co. v. Anderson*, 51 Colo. 298, 117 Pac. 173; *Trent v. Sherlock*, 24 Mont. 255, 61 Pac. 650; *Union G. M. Co. v Rocky Mountain Nat. Bank*, 2 Colo. 565, 31 Cyc. 1397.

It is next urged that the testimony proves beyond controversy that the superintendent disclosed to the plaintiffs the instructions under which he was acting, and that they were fully advised as to the scope of his authority in this respect at the time they were employed. A careful consideration of the testimony leads us to the conclusion that it is conflicting upon this question. In such case it is not the province of this court to disturb the findings. Perceiving no prejudicial error the judgment is affirmed.

*Affirmed.*

GABBERT, C. J., and TELLER, J., concur.