No. 12,252.

Koerner, et al. *v.* Wilson.

Decided January 14, 1929.   Rehearing denied February 4, 1929.

Mr. V. N. Stinson, for plaintiffs in error.

Mr. T. Lee Witcher, for defendant in error.

*Department One.*

Mr. Justice Alter delivered the opinion of the court.

This is an action in trover to recover damages for the conversion of certain personal property.   The defendant in error will hereafter be referred to as plaintiff and the plaintiffs in error, as defendants.   The defendant Koer-

ner was the sheriff of Fremont county and, at the request of defendant Chilino, levied upon and sold certain apples and apple boxes as the property of one B. A. Wilson, the father of Elwood A. Wilson, the plaintiff herein. Upon trial a verdict for $615.97 was rendered in favor of the plaintiff and against the defendants. Thereafter motion for a new trial was denied and judgment entered upon the verdict, to review which, this writ is prosecuted with the request that it be and operate as a supersedeas.

The complaint, stripped of surplusage, alleges: (1) Ownership and right of immediate possession in plaintiff; (2) unlawful seizure and sale by defendant Koerner at the request of defendant Chilino; (3) demand by plaintiff for return of property; (4) damages in the sum of $2,297.50.

The answer of defendant Koerner: (1) Denies plaintiff's ownership and right of immediate possession; (2) denies seizure and sale of plaintiff's property, but alleges he levied upon certain property in the possession of one B. A. Wilson, who was conducting himself as the owner thereof; (3) admits, by failure to deny, the demand of plaintiff for return of property, and, (4) denies that plaintiff has been damaged in the sum of $2,297.50.

The answer of defendant Chilino: (1) Denies plaintiff's ownership and right of immediate possession; (2) denies unlawful seizure and sale by Koerner; (3) admits that Koerner seized and sold property at his request, and, (4) denies plaintiff's damage in the sum of $2,297.50.

The facts out of which this litigation grew may be summarized as follows: B. A. Wilson, the father of this plaintiff, became involved in financial difficulties and among his creditors was Chilino, one of the defendants herein. Some time in December, 1925, one Goodrich leased certain premises in Fremont county, Colorado, to B. A. Wilson for a term of five years from March 1, 1926, and in said lease was an option to B. A. Wilson to pur-

chase. In the early part of 1926, B. A. Wilson having failed to discharge his indebtedness to Chilino, an action was brought and Chilino recovered judgment against B. A. Wilson and thereafter caused execution to be issued and be placed in the hands of defendant Koerner, who was sheriff of Fremont county, Colorado. B. A. Wilson was seriously injured, because of which he claimed he could not longer carry out the terms of his lease with Goodrich and ultimately he assigned his lease to the plaintiff herein and thereafter a new lease was executed between the plaintiff and Goodrich which, for the purposes of this case, was, except it contained no option to purchase, substantially the same as the lease between Goodrich and B. A. Wilson. The plaintiff had employment in Olney Springs, Colorado, and could devote only part of his time to farming operations so, it is claimed, he entered into an agreement with his father B. A. Wilson that permitted B. A. Wilson to remain upon the leased premises and do such work as his crippled condition permitted and to exercise general supervision over the work, and in exchange therefor, the plaintiff agreed to furnish sufficient money from the sale of produce and otherwise to enable B. A. Wilson to support himself and family. While B. A. Wilson was in possession of the premises under this agreement with plaintiff, as it is claimed, the defendant Koerner, at the request, insistence and demand of defendant Chilino, came upon the premises, demanded of B. A. Wilson payment of the amount due in the Chilino execution and upon B. A. Wilson's failure to pay, levied upon the apple boxes and the apples in the orchard, some of which were on the trees and some of which were upon the ground. The apple boxes and apples were removed from the premises and thereafter sold, after being advertised as provided by law for the sale of personalty seized upon execution.

The principal errors upon which the defendants rely for a reversal may be classified: (1) Failure and refusal

of court to admit certain exhibits and certain evidence and to give certain instructions pertaining to fraud; (2) failure and refusal of court to direct a verdict for defendants because, it is contended, apples on the tree are realty and cannot be the basis of an action in trover and as the proof failed to show the value of the apples on the ground separate from the value of the apples on the trees there could be no recovery herein.

1. There was evidence offered by defendants, and received at the trial, without objection by plaintiff, tending to show fraud between plaintiff and B. A. Wilson, his father, who was the judgment debtor in the Chilino case, with respect to the property involved herein, notwithstanding the fact that fraud is not plead by defendants as a defense.

Fraud is, under the circumstances of this case, clearly an affirmative defense and must be plead before evidence thereof becomes admissible. *Tucker v. Parks*, 7 Colo. 62, 70, 71, 1 Pac. 427; *De Votie v. McGerr*, 15 Colo. 467, 471, 24 Pac. 923; *Seeleman v. Hoagland*, 19 Colo. 231, 234, 34 Pac. 995; *Arthur v. Gard*, 3 Colo. App. 133, 137, 32 Pac. 343; *Breckenridge Mer. Co. v. Bailif*, 16 Colo. App. 554, 556, 66 Pac. 1079; 27 C. J. p. 28, § 144; 12 R. C. L. p. 416, § 164.

Counsel for defendants cite *Thomas v. Seloom*, 80 Colo. 189, 250 Pac. 381, in support of their position that fraud in a case of trover may be proved at the trial without alleging it as a defense. An examination of the record in this case will disclose that fraud was alleged in the most positive terms and therefore this case is not authority for the proposition for which defendant's counsel now contends.

2. It is next contended by defendants that those apples which had matured and ripened, but which were yet on the trees, were realty and not personalty, and since this is an action in trover for the conversion of apples it became incumbent upon the plaintiff, before a verdict could

properly be rendered, to prove the value of the apples upon the ground separate and apart from those on the trees and, as it is contended, having failed so to do, no verdict could be given.

It now becomes important to determine whether trover will lie for the conversion of apples ripened and matured, but still upon the trees, and the answer to this is determined by whether apples, under the circumstances, are fructus naturales and therefore realty or fructus industriales and therefore personal chattels. "Fructus naturales are crops that are produced by the powers of nature alone." 17 C. J. p. 380, § 3. "Fructus industriales are annual crops that are obtained by yearly labor and cultivation. All crops that must be planted or sown annually, whether or not other labor is necessary for their production before they are ready to be gathered or reaped, are fructus industriales. Formerly, in England, it was held that where the root or tree was perennial, living for a number of years, the fruit produced by it while growing was fructus naturales. But this doctrine is supported now by little authority and less reason; the correct test to apply is to ascertain whether the annual fruit is produced by the annual labor of man, such as necessary manurance or other industry, or whether the fruit is referable to the industry of man only at the period when its seed or root was first planted, and therefore owes its continued existence to nature. In the former case the fruits of the plant are fructus industriales, although the plants themselves are fructus naturales. Of such character are hops, the root from which the vine grows being perennial, but their production necessitating the annual industry of man in the making of hills and the setting of poles; and peaches, apples, or other fruits cultivated for the market." * * * 17 C. J. p. 380, § 4. "Whether growing crops are realty or personalty depends very greatly on the nature of the transaction in which the question arises. * * * At common law those products of the earth which were annual, and were raised by yearly manurance

and labor, and essentially owed their annual existence to the cultivation of man were, even while still annexed to the soil, treated as chattels, with the usual incidents thereof. The great weight of modern authority supports this view." * * * 8 R. C. L. p. 356, § 2. "While there is some conflict among authorities as to when growing crops are to be regarded as personal property, and when they are to be regarded as a part of the realty, the weight of authority supports the rule that annual crops, fruits of the labor of the tiller of the soil, are personal property, subject to levy and sale as chattels for the debts of the owner. Likewise, a crop of fruit requiring periodical expense, industry and attention in its yield, is subject to execution as personal property." * * * 8 R. C. L. p. 357, § 3. "There are many fruit-bearing trees indigenous to our forests, whose annual products possess a very considerable commercial value. The fruits of these are the spontaneous productions of the earth, and are not annual productions raised by the manurance and the industry of man, and these are fructus naturales. Would the fruit of the apple and the peach tree be classed with these? It is common observation and experience, that the orchard, the vineyard and plantations of blackberry, raspberry and strawberry cannot be made to annually produce without the manurance and the industry of man.

"The orchard must be pruned, fertilized, cultivated and protected against the swarming millions of its insect enemies, with care, during each recurring year, or it will fail to produce." *Smock v. Smock*, 37 Mo. App. 56, 65.

We, therefore, determine: First. That fraud not having been plead as a defense, the court did not err in refusing either evidence, tendered instructions or exhibits based upon it. Second. That matured and ripened apples, whether upon the ground or upon the trees, are, under the circumstances of this case, fructus industriales and properly the basis of an action in trover.

The defendants have asked that this case be determined upon their application for a supersedeas herein.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE BURKE, sitting for MR. JUSTICE CAMPBELL, concur.