William A. STEPHENS, Kenneth Wilmore; and Two Rivers Investment Company, Ltd., a limited partnership, Plaintiffs-Appellees,

v.

COLORADO DIVISION OF WILDLIFE, State of Colorado, Defendant-Appellant.

No. 83CA0977.

Colorado Court of Appeals, Div. II.

Oct. 24, 1985.

Rehearing Denied Dec. 19, 1985.

Holm & Christensen, P.C., Jon L. Holm, Steven A. Christensen, Mark P. Miller, Denver, for plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Lawrence A. DeClaire, First Asst. Atty. Gen., Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Colorado Division of Wildlife (Division), appeals a judgment of the district court ordering it to pay plaintiffs, William A. Stephens, Kenneth Wilmore, and Two Rivers Investment Co., Ltd., for game damage to their tree nursery stock caused by browsing deer. The Division argues that the district court misconstrued "crops" in Colo. Sess. Laws 1979, ch. 320, § 33–3–104(1)(d) at 1216, to include nursery stock, that the court lacked jurisdiction to award damages for recurring harm, and that the court's award of damages is unsupported by the evidence. We affirm.

In June 1980, plaintiffs reported that trees they planted in May 1979 had suffered game damage from browsing deer during late winter and early spring of 1980. Plaintiffs sought game damage prevention materials from the Division pursuant to § 33–3–101, et seq., C.R.S.; the Division denied plaintiffs' request.

Plaintiffs planted some 8,700 trees of mixed variety during 1980. In October 1980, plaintiffs filed a claim with the Division for game damage to its trees which occurred in early October of that year; plaintiffs estimated damages of $7,000 to some 700 of their trees. At the time plaintiffs filed their claim with the Division, Colo. Sess. Laws 1979, ch. 320, § 33–3–104(1)(d) at 1216, provided that the state would be liable for certain damages caused by enumerated wildlife, such as browsing deer, "to orchards, crops under cultivation, and harvested crops...." The Division investigated plaintiffs' claim and ultimately offered plaintiffs $248 for their damages.

Plaintiffs refused to accept the Division's settlement offer and sought declaratory relief and damages in the district court under Colo. Sess. Laws 1977, § 33–3–108 at 1525. The Colorado Commission of Wildlife later denied plaintiffs' claim as uncompensable under § 33–3–104(1)(d). The district court entered judgment for plaintiffs and awarded them damages of $13,134.02.

## I.

The Division argues that the district court misconstrued § 33–3–104(1)(d), as it was then worded, when it held that plaintiffs' nursery stock was a "crop" within the meaning of the wildlife damage statute. It claims that the term "crops" as used in the above statute excludes nursery stock because nursery stock is not harvested annually. We disagree.

Although the word "crop" is mainly defined to include products of the land that are annually harvested, it has also been deemed to be synonymous with the phrase "fructus industriales." *Black's Law Dictionary* 449 (rev. 4th ed. 1968). "Fructus industriales" are those products of the soil which require for their continued existence the annual manurance, labor, and industry of man; as such, an orchard "must be pruned, fertilized, cultivated and protected against the swarming millions of its insect enemies, with care, during each recurring year...." *Koerner v. Wilson*, 85 Colo. 140, 274 P. 737 (1929); *see* 25 C.J.S. Crops § 3.

"The fact that most crops are harvested annually, while trees may take decades before reaching maturity, proves that trees are not annual crops, but not that they are not crops." *Hassler v. Columbia Gas Transmission Corp.*, 318 Pa.Super. 302, 464 A.2d 1354 (1983). Like orchards and other "fructus industriales," nursery stock requires for its continued existence the annual labor and industry of man for cultivation and protection from insects.

Viewing the phrase "crops under cultivation" in context of the wildlife damage statute and according to common usage, *see* § 2–4–101, C.R.S. (1980 Repl. 1B), we conclude that the district court properly held that the damage to plaintiffs' nursery stock was compensable as damage to "crops under cultivation." The General Assembly's subsequent amendment, in 1981, of the above statute to include wildlife-caused harm to "nurseries" is consistent with our interpretation of the prior statute here. *See* § 33–3–104(1)(d), C.R.S. (1984 Repl. Vol. 14).

## II.

The Division next argues that the district court lacked jurisdiction to award plaintiffs their damages for subsequent and recurring wildlife-caused harm which occurred after plaintiffs filed their original claim with the Division. It claims that, because plaintiffs failed to give it notice of any recurring damages within ten days of discovering them, plaintiffs failed to exhaust their administrative remedies. We disagree.

When plaintiffs filed their initial complaint in December 1980 seeking recovery under the wildlife damage act, they alleged

that their damages were continual and recurring. On January 16, 1981, the Colorado Wildlife Commission accepted the Division's recommended interpretation that wildlife-caused damages to nursery stock were not compensable under the act. The Commission therefore made a final determination to deny plaintiffs' claim. Plaintiffs amended their complaint to reflect the Commission's denial.

At the time plaintiffs filed their action in district court, Colo.Sess.Laws 1977, ch. 433, § 33-3-109 at 1525 provided:

"If the division denies a claim for any reason, it shall notify the claimant and set forth the reason for denial. If the claimant disagrees with the division's determination, *he may file an action for damages and review* of the division's decision in the district court of the judicial district in which the damage or any portion thereof is alleged to have occurred. Such action shall be filed within sixty days after receipt of the notice of denial, or it shall be forever barred." (emphasis added)

We conclude that the district court had jurisdiction to consider plaintiffs' recurring damages because, under § 33-3-109, plaintiffs had exhausted their administrative remedies when the Commission unequivocally denied that they were covered under the act.

The Division's contention that the district court's award of damages is excessive and unsupported by the evidence is without merit. There was sufficient evidence to support the award.

We conclude, however, that the Division's appeal was not frivolous. Whether the statute covered damages to nursery stock was genuinely disputed on appeal. We therefore deny plaintiff's request for attorney fees under C.A.R. 38(d).

The judgment is affirmed.

KELLY and METZGER, JJ., concur.